[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, who is charged with operating a motor vehicle while under the influence of intoxicating liquor, in violation of General Statutes § 14-227a, has filed a motion to suppress all evidence seized or discovered as a result of his initial motor vehicle stop and detention by the Connecticut State Police. The defendant claims the stop, detention and subsequent arrest were all violative of his rights under the United States constitution and the Connecticut constitution. Based upon the facts and reasons set forth below, the motion to suppress is denied.
 Findings of Fact
The court has carefully considered the evidence introduced at the hearing on the motion and finds that the following facts were proven by a preponderance of the evidence:
On May 5, 2000, at approximately 3:14 am, Trooper Soscia of the Connecticut State Police, was in his cruiser on patrol on I-95 south bound. He observed a motor vehicle approximately three car lengths ahead of him abruptly change lanes from the center lane to the left lane and then proceeded to enter onto the left shoulder of the highway. The vehicle then moved back to the center lane. Trooper Soscia believed a motor vehicle violation, failure to stay in the established lane, had been committed and he activated his emergency lights. The motor vehicle CT Page 10779 pulled over onto the right shoulder and it was determined that the defendant was the operator of the vehicle. While speaking to the defendant, Trooper Soscia detected an odor of alcoholic beverage and he proceeded to administer field sobriety tests to the defendant. At the conclusion of the test, the defendant was arrested for operating under the influence. Before he was released from custody, the defendant was given a summons for driving under the influence, in violation of C.G.S. § 14-227a, and failure to stay in the established lane, in violation of C.G.S. § 14-236.
 Discussion
The defendant claims that the initial stop and detention were illegal because it was done without a reasonable and articulable suspicion of criminal activity.
 "Article first, §§ 7 and 9 of out state constitution permit a police officer `in appropriate circumstances and in an appropriate manner' to detain an individual for investigate purposes even though there is no probable cause to make an arrest. State v. Mitchell, 204 Conn. 187, 195, 527 A.2d 1168, cert. denied, 484 U.S. 927, 108 S.Ct. 293, 98 L.Ed.2d 252
(1987); State v. Lamme, 216 Conn. 172, 184, 579 A.2d 484
(1990)." State v. Oquendo, 223 Conn. 635, 654, 613 A.2d 1300 (1992). "In determining whether the detention was justified in a given case, a court must consider if [biased upon the whole picture the detaining officers [had] a particularized and objective basis for suspecting the particular person stopped of criminal activity. . . . A court reviewing the legality of a stop must therefore examine the specific information available to the police officer at the time of the initial intrusion and any rational inferences to be derived therefrom. . . . These standards, which mirror those set forth by the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 20-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), with regard to fourth amendment analysis, govern the legality of investigatory detentions under article first, §§ 7 and 9 of our state constitution." (Citations omitted; internal quotation marks omitted.) State v. Oquendo, supra, 654. . . . Police have the right to stop for investigation short of arrest where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience CT Page 10780 that criminal activity may be afoot. . . . [i]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." State v. Watson, 165 Conn. 577, 584-85, 345 A.2d 532
(1973), cert. denied, 416 u.S. 960, [416 U.S. 960], 94 S.Ct. 1977, 40 L.Ed.2d 311 (1974)." State v. Donahue, 251 conn. 636, [251 Conn. 636], 643 (1999).
Applying the standards set out in Donahue to the present case, the court concludes that Trooper Soscia was able to point to specific and articulable facts which justified his stop of the defendant's vehicle. Specifically, the trooper believed a motor vehicle violation had been committed, namely, failure to stay in the established lane. The defendant was, in fact, given a ticket for that motor vehicle violation. After the initial stop for the motor vehicle violation the officer, after further investigation, found that there was probable cause to arrest the defendant for driving under the influence.
The court acknowledges that the testimony of the defendant contradicted that of the trooper regarding the movements of the defendant's vehicle and where the trooper's cruiser was in relation to the defendant's vehicle. In deciding this motion, the court need not and does not determine if there was proof beyond a reasonable doubt that the defendant failed to stay in the established lane. The court's function is to determine if Trooper Soscia's stop of the defendant's vehicle was justified. Based on the trooper's observations as articulated to the court, and considering that the defendant was charged with the initial motor vehicle violation, the court finds that the stop was reasonable and legal.
For the foregoing reasons, the motion to suppress is denied.
Domnarski, J.